Wardlaw, J.,
dissenting.
I dissent from so much of this opinion as holds that forgery is under our Act of 1845, a felony. I do not know what ■felony means with us, if it does not mean a crime which may be punished by death after either the first or the second conviction. The punishment of death can not now be ever awarded for forgery, for the Act positively abolishes that punishment in all the cases of statutory forgeries which had been previously subjected to it. And in substituting other punishment', the Act does not barely introduce a mitigation, of which the party convicted may have the benefit by praying it, but it imperatively commands the award of the substituted punishment, so that even the refusal to pray it, in lieu of death, would not authorize judgment of death. The statute 5 Elizabeth, c. 14, enacted, for the first conviction of forgery, punishment much more severe than the maximum in our Act; yet, by that statute, the first offence was not felony, although the second was expressly made so. By our Act I think that forgery .is as it was at common law, except that for certain cases which had been mentioned in former Acts, whipping is prescribed that perhaps might not have been inflicted at common law, and the discretion of the judge as to the imprisonment is somewhat controlled.

Motion dismissed.